UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIKHAIL PETROV,<br><br>     Petitioner(s),<br>v.<br><br>LAURA HERMOSILLO, et al.,<br><br>     Respondent(s). | CASE NO. C25-2647-KKE<br><br>ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER |

Petitioner filed a petition for writ of habeas corpus challenging his immigration detention, and simultaneously moved for a temporary restraining order ("TRO") to prevent his removal from the United States or transfer from this jurisdiction to another detention facility before his petition is resolved. Dkt. Nos. 1, 2. After these filings were processed by the Court, the clerk entered a scheduling order requiring that the Government provide at least 48 hours' notice before Petitioner is removed or transferred. Dkt. No. 3 at 2. In compliance with a Court order, Respondents filed a timely opposition to Petitioner's motion, contending that the notice provision in the scheduling order provides sufficient relief where, as here, Petitioner has not alleged imminent removal or transfer. Dkt. No. 7.

Parties seeking a TRO must show: (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm absent preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an injunction serves the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER - 1

Here, the Court finds that Petitioner has demonstrated that he is likely to succeed on the merits of his claim that his arrest and re-detention violated his constitutional right to due process. *See, e.g.*, *E.A. T-B v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025). Petitioner has also submitted evidence that his wife is pregnant with their fourth child; his transfer away from her and his family at this time would cause irreparable harm. *See* Dkt. No. 2 at 3, Dkt. No. 5-1. Although Petitioner has not alleged that a transfer is imminent, his counsel has stated that many of his detained clients have been transferred arbitrarily in recent months. Dkt. No. 2 at 2. Under these circumstances, the Court finds that Petitioner satisfies the second *Winter* factor as well.

The final two *Winter* factors—the balance of the equities and the public interest—also weigh in Petitioner's favor. The potential harm an injunction would cause to the Respondents' ability to manage their detention facilities is far outweighed by Petitioner's potential harm without injunctive relief. Moreover, the public interest is served by allowing Petitioner to remain geographically close to his family while he pursues his habeas claim. Particularly because Petitioner's petition is set to be ripe on its merits on January 12, 2026, this preliminary relief is not expected to be lengthy in duration.

Because Petitioner has shown that he is entitled to a TRO to prevent his transfer or removal from this jurisdiction, the Court GRANTS his motion (Dkt. No. 2). Respondents are ENJOINED from removing or transferring Petitioner from the Northwest ICE Processing Center. This TRO expires on January 6, 2026, unless extended by this Court. *See* Fed. R. Civ. P. 65(b)(2).

Dated this 23rd day of December, 2025.

*Kymberly K Evanson*
Kymberly K. Evanson
United States District Judge